**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2648 |
| Plaintiff - Appellee, | D.C. No. 4:22-cr-00027-DCN-1 |
| v. | |
| DONNY RAY MORENO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted August 13, 2025**
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Defendant Donny Ray Moreno appeals from the district court's denial of his

motion for a *Franks* hearing and his motion to suppress. *See Franks v. Delaware*,

438 U.S. 154 (1978). "We review the denial of a *Franks* hearing de novo, but

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review supporting factual determinations for clear error." *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002). "We review denial of a motion to suppress *de novo*, and the district court's factual findings for clear error." *United States v. Norris*, 942 F.3d 902, 907 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

"To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that: (1) 'the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant,' and (2) 'the false or misleading statement or omission was material, *i.e.*, necessary to finding probable cause.'" *Id.* at 909–10 (citation omitted).

Assuming, without deciding, that the district court clearly erred in finding that the affiant's "omissions were negligent, at best," Moreno has not shown that the omissions were material. "In determining materiality, '[t]he pivotal question is whether an affidavit containing the omitted material would have provided a basis for a finding of probable cause.'" *Chavez-Miranda*, 306 F.3d at 979 (brackets in original) (citation omitted). Here, the omitted information about the confidential informant's criminal history "relate entirely to [the informant's] credibility; they do not undermine the other evidence presented by" the affiant. *United States v. Meling*, 47 F.3d 1546, 1555 (9th Cir. 1995). The affiant included evidence

obtained through extensive independent investigations which, as the district court correctly noted, corroborated the informant's information. Had the omitted information been included, there was still probable cause to search Moreno's cell phone location. *See United States v. Reeves*, 210 F.3d 1041, 1045 (9th Cir. 2000) (noting "countervailing evidence . . . diminishe[d] the adverse effect of the [informant's] prior criminal history involving dishonesty").

Accordingly, the district court did not err in denying Moreno's motion for a *Franks* hearing and his motion to suppress evidence.

**AFFIRMED.**